## L. J. FAIN v. A. J. GADDIS.

**Dower—Evidence—Lost Papers—Verdict.**—When the sole controversy is as to whether a certain lot was assigned to plaintiff as dower, some of the papers in the dower proceedings having been lost, and under competent evidence and instructions the jury has found their contents to be as contended by the plaintiff, the defendant is not entitled to a new trial.

CIVIL ACTION, tried before *W. R. Allen, J.,* at Fall Term, 1906, of the Superior Court of CHEROKEE County. From a judgment for plaintiff, the defendant appealed.

*Busbee & Busbee, Axley & Axley* and *Ben Posey* for plaintiff.
*Dillard & Bell* for defendant.

PER CURIAM. The Court, in its discretion, after careful examination, denied the motion for new trial for newly discovered evidence. The action is brought to recover possession of a parcel of land known as lot No. 189, or the Dugan lot, which plaintiff alleges was duly assigned to her as dower. It is admitted that J. B. Fain, plaintiff's husband, owned the lot in fee during the coverture, and that plaintiff has never released her dower right. The defendant claims under the husband. The sole controversy is as to whether the said lot was actually assigned to plaintiff as dower. Some of the papers in the proceedings under which dower was allotted having been lost or mislaid, the Court submitted to the jury these issues:

1. Was the Dugan lot embraced in the petition for dower? Answer: Yes.

2. Was the Dugan lot embraced in the allotment of dower? Answer: Yes.

3. What is the average rental value of the Dugan lot? Answer: Rents per year, $15.

The plaintiff introduced the summons in the dower proceedings and certain docket entries, and then proved the existence of the papers and that due search had been made. .Both parties offered parol evidence as to what the lost record contained. The answer sets up the lost record very fully and seeks to establish it by proof. The original summons and docket entries constitute most conclusive proof of its existence, which was not denied. The only controversy was as to whether the Dugan lot was included in the proceedings and allotment. The jury find it was. There was abundant evidence to support the finding, and we find in the record nothing that entitles defendant to another trial.

No Error.